UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RENEE MELSON ET AL.                          CIVIL ACTION

VERSUS                                       NO. 07-1087

DIRECTECH SOUTHWEST, INC.                    SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is plaintiffs' Motion to Certify Collective Action pursuant to Section 216(b) of the Fair Labor Standards Act and to Approve a Proposed Notification to All Putative Collective Action Members.  For the following reasons, the Motion is **GRANTED.**

I.

The named plaintiffs are former and current employees of Directech Southwest, Inc. who claim they were not paid overtime and required to under-record their time in violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201, et seq.  This lawsuit is filed on their behalf and on behalf of current and former employees of Directech Southwest, Inc., employed from February 23, 2004 to the present and who held, during that time, the job positions of technician or installation and repair technician. The named plaintiffs and potential class members installed or repaired Direct TV satellite television hardware into customer buildings and facilities.  Directech Southwest, Inc., operates throughout the United States.

It is alleged that the named plaintiffs and the potential class members regularly and routinely worked in excess of forty

hours a week, but were not paid overtime for that work.  Plaintiffs submit that the job duties and relationship between themselves and defendant does not qualify for any exemption set forth in the Fair Labor Standards Act.  Plaintiffs add that it was company-wide practice, and part of Directech's corporate policy, to not pay overtime and for plaintiffs, and those similarly situated, to record less than thirty-five hours a week on their time sheets or be subject to reprimand, no matter how many hours worked.

The complaint requests that the Court collectively certify this action under Section 216(b)and find that the named plaintiffs, and all those similarly situated, are entitled to overtime wages, liquidated damages, attorneys fees and costs.

The instant motion requests that the Court collectively certify this action to include:

> All current and former employees of Directech Southwest, Inc., who worked in the job positions of Technician and/or Installation and Repair Technician between February 23, 2004 to present.

Plaintiffs argue that this action should be certified as a collective action because: (1) the named plaintiffs and the members of the potential FLSA class are "similarly situated;" (2) the actions of Directech at issue are of general effect, comprise company policy and a company practice, and are not purely personal to the named plaintiffs; and (3) early certification is necessary to interrupt prescription of the claims of the potential opt-in

members.

In addition to certification, plaintiffs request: (1) approval of plaintiffs' proposed written notice to all potential collective action members; (2) an Order requiring defendant to produce names and addresses of all potential collective action members for notice purposes within ten days of the date of the Order; (3) an Order giving plaintiffs ten days thereafter to mail the notices and consents to all potential opt-in plaintiffs; (4) an Order giving the potential opt-in plaintiffs 120 days from the Order certifying the action to provide their consent forms to the Court; and (5) an Order prohibiting Directech from retaliating or attempting to coerce the individuals receiving the Notice from opting into the matter.

Directech counters that plaintiffs have failed to meet the standard for showing that this action should be certified as a collective action because they fail to articulate any common Directech policy, practice, or procedure -applied to them and the potential opt-in class- which forms the basis of their claims. First, Directech argues the claims have no merit because what it did was not illegal.  Second, Directech argues that plaintiffs have failed to produce any specific evidence indicating that anyone at Directech had the authority to apply its policies illegally. Specifically, Directech submits that plaintiffs' affidavits fail to identify those managers which allegedly told plaintiffs to record

less than forty hours regardless of the number of hours worked. Third, Directech argues that the allegations are "particularly unsuited for resolution via the FLSA's collective action mechanism" because they involve too particularized an inquiry for each individual plaintiff, and, therefore, should be evaluated on a case-by-case basis.

In the event of certification, Directech requests that the action not extend to technicians working outside of the Lafayette facility because each of the currently named plaintiffs and, all who have opted-in thus far, worked only at the Lafayette facility. Directech asserts company-wide certification is inappropriate because plaintiffs have not identified evidence showing any alleged policy or application extended beyond the Lafayette facility.

Directech also objects to plaintiffs' proposed notice and consent to sue forms. As such, if the action is certified, it requests that the parties be given time to address the proposed notice and come up with a mutually agreeable notice and consent to sue form. Alternatively, Directech has listed approximately eleven objections to the proposed notice and proposed consent form. Directech also objects to plaintiffs' proposed schedule and, in the event of certification, requests that notice not be sent to any Texas technicians because an action has already been certified in the United States District Court for the Southern District of Texas encompassing a class of Texas technicians employed by Directech in

4

Texas.  Finally, Directech objects to plaintiffs' request that an Order issue prohibiting retaliation or coercion because it is unnecessary and there are remedies available to plaintiffs if Directech is found guilty of such action.

II.

Title 29 of the United States Code, Section 216(b) creates a cause of action for employees against employers, who violate the overtime compensation requirements. Section 216(b) provides, in pertinent part:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Section 216(b) establishes an "opt-in" scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir.1995). District Courts have discretion in deciding whether to order notice to potential plaintiffs. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170-71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); Villatoro v. Kim Son Rest., L.P., 286 F.Supp.2d 807, 809 (S.D.Tex.2003).

Courts recognize two methods to infer collectivity and, therefore, whether to authorize notice to similarly-situated

employees advising them of their right to join an FLSA collective action. See Mooney, 54 F.3d at 1213-15. These methods are the two-step Lusardi approach and the spurious class action Shushan approach. See Id.; Shushan v. Univ. of Colo. at Boulder, 132 F.R.D. 263 (D.Colo.1990); Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J.1987). The Fifth Circuit has found it unnecessary to determine which method is most appropriate. Mooney, 54 F.3d at 1213-15. However, "[i]t is clear that the two-step ad hoc [Lusardi] approach is the preferred method for making the similarly situated analysis and that the similarly situated standard does not incorporate Rule 23 requirements." Basco v. Wal-Mart Stores Inc., 2004 WL 1497709, *4 (E.D.La. 2004); See also LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975) (finding a fundamental difference between Rule 23 class actions and FLSA collective actions).  The process does not echo the traditional Rule 23 methods.

Lusardi and its progeny do not announce a definition of "similarly situated" but, rather, define the requirement by virtue of the factors considered in the two-step analysis. Mooney, 54 F.3d at 1213.  The first step is the "notice stage" in which the district court decides whether to issue notice to potential class members.  Id. at 1213-1214.  The court's decision is usually based only on the pleadings and any affidavits that have been submitted. Id. "Because the court has minimal evidence, this determination is

made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" where potential class members receive notice and the opportunity to opt-in. Id. at 1214.   The lenient standard requires only substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." Id. at n. 8 (citations omitted); Theissen v. Gen. Elec. Cap. Corp., 267 F.3d 1095, 1102-03 (10th Cir.2001). A factual basis for the allegations is needed to satisfy this first step. See Hall v. Burk, No.,2002 WL 413901, at *3 (N.D. Tex. 2002). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983)  Courts require "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." Barron v. Henry County Sch. Sys., 242 F.Supp.2d 1096, 1103 (M.D. Ala.2003).

Although the "similarly situated" standard is lenient at the notice stage, general allegations that the employer violated the FLSA are insufficient. Even at the notice stage, "a showing that employees are 'similarly situated' entails more than just a matching of job responsibilities. The requirement that proposed class members be 'similarly situated' to the named plaintiffs ensures that the collective action promotes the 'efficient resolution of common issues of law and fact arising from the same

alleged discriminatory activity."' <u>Hunter v. Sprint Corp</u>., 346 F.Supp.2d 113, 119 (D.D.C.2004) <u>quoting Hoffmann-La Roche</u>, 493 U.S. at 170). "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." <u>England v. New Century Fin. Corp</u>., 370 F.Supp.2d 504, 507 (M.D.La.2005). "[T]he mere fact that violations occurred cannot be enough to establish similarity, as that would not ultimately be sufficient to establish a pattern and practice without a showing that the violations were more than sporadic occurrences." <u>Barron</u>, 242 F.Supp.2d at 1104

"Similarly situated" does not mean identically situated. <u>Crain v. Helmerich and Payne Intern'l Drilling Co.</u>, 1992 WL 91946 (E.D.La.1992)(citations omitted). Rather, an FLSA class determination is appropriate when there is "a demonstrated similarity among the individual situations ... some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." <u>Helmerich</u>, 1992 WL 91946 *4-5 <u>quoting Heagney v. European American Bank</u>, 122 F.R.D. 125, 127 (E.D.N.Y. 1988). Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." <u>Helmerich</u>, 1992 WL 91946 *5 <u>quoting Burt v. Manville Sales Corp</u>.,

8

116 F.R.D. 276, 277 (D.Colo.1987).   If a court conditionally certifies a class, the action proceeds as a collective action during discovery. <u>Mooney</u>, 54 F.3d at 1214.

The second stage of inquiry typically occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally-certified class.  <u>Id</u>. At that point, the court makes a factual determination as to whether there are similarly-situated employees. <u>Id</u>. If the district court finds that the claimants are similarly situated, the collective action may proceed. <u>Mooney</u>, 54 F.3d at 1214. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed on their individual claims.   Plaintiffs bear the burden of establishing that they are similarly situated to the proposed class.  <u>Basco</u>, 2004 WL 1497709 *5 (citations omitted).

IV.

Plaintiffs have submitted affidavits and documentary evidence in support of their request to have this action be, conditionally, certified company-wide.  The named plaintiffs argue that they are similarly situated to all potential opt-in plaintiffs because they have not been allowed to record all of their work hours and because they have worked more than forty hours a week without receiving overtime pay.  To succeed, the named plaintiffs must point to a common policy or plan and establish a sufficient factual nexus between their grievances and conduct, and those of the proposed

class members.  They have indeed done so.  The Court finds plaintiffs have met the lenient standard required for conditional certification.

The named plaintiffs have each submitted an affidavit attesting that they "and others" worked over forty hours a week and were not paid overtime. Each named plaintiff also attests that if they were instructed not to record more than thirty-five to forty hours on their time sheets and violated the instructions, they were reprimanded and their time sheets would not be approved.  Further, each opt-in plaintiff who has thus far filed a consent to sue, has attested that they are a former or current technician or installation and repair technician who was paid on a per job basis without receiving pay for overtime worked.

Plaintiffs also submit the affidavit of Michael Aikins[1] who attests that he was an installation technician in Texas. Aikins submits he worked approximately seventy to eighty hours a week but was instructed not to include all that time on his work sheet.  In particular, Aikins attests that travel time to the first job of the

_____

[1]Michael Aikins is the lead plaintiff in the collective action suit currently pending in the United States District Court for the Southern District of Texas entitled Aikins v. Directech Southwest, Inc., Civil Action 06-955.  That action involves similar allegations as those raised in this action.  The Aikins court has granted collective conditional certification but limited the class to Texas technicians only.  That court's order refused to certify the action on company-wide basis due to the failure of the named plaintiffs to submit affidavits made on personal knowledge that the practices alleged by plaintiffs exist on a company-wide basis.  Further, unlike this case, plaintiffs submitted documentary evidence regarding practices only in Texas and did not put forth evidence showing that the policies were company-wide.

day, time calling customers and to confirm customer appointments, cleaning the van, attending meetings, going to the warehouse to get materials, and required education time with customers, all went uncompensated.  Additionally, Aikins attests that if he turned in more than forty hours a week, he was reprimanded and that his regional manager Danny Parker told him, in writing and orally, that company policy requires off-the-clock work is not to be paid.

The Court also notes the affidavits of Bryan Miller and Michael Murphy.  Miller attests that his job entailed working some seventy to eight hours a week but that he was never paid overtime. Murphy attests that he was promised days off that were not given to him and that he likewise was not paid for overtime worked.  Miller and Murphy are Texas technicians and also part of the Texas action.

Plaintiffs' add the affidavit of Anthony Holmes who attests that he worked in Tennessee for Directech as a technician and that he was paid the same flat rate no matter how may hours he and others worked.  He also attests that he and others, were told that if they put more than thirty-five hours a week on their time sheets that they could be fired and, further, that they were not paid for hours worked over forty.

The Court could go on and on through the plentiful submissions of plaintiffs. It is not necessary to do so.  The record overwhelms defendant's arguments.

For these reasons, plaintiffs may maintain this action on

behalf of themselves and the members of the class they have identified company-wide with the exception of those technicians who have opted into and are part of the Texas action currently pending in the Southern District of Texas, Houston Division.

As to the conflict with the notice and consent to sue provisions, the parties are ordered to meet and discuss their respective objections, including those relating to the retaliation provisions and scheduling, within ten days from the date this Order is signed.  Within fifteen days of the date this Order is signed, the parties are to submit a proposed notice and consent to sue form to the Court along with any objections to the notice or consent of each party.  Objections by each party, including authorities, shall not exceed two pages.  All objections must be referred to the Magistrate Judge.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Certify this Action as a Collective Action pursuant to Section 216 (b) of the Fair Labor Standards Act is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall meet and discuss the proposed notice and consent to sue forms within ten days of the date this order is signed.

**IT IS FURTHER ORDERED** that the parties shall submit the proposed notice and consent to sue forms, with any objections, to the Court within in fifteen days of the date this order is signed.

12

**IT IS FURTHER ORDERED** that any objections to the proposed notice and consent to sue forms shall not exceed two pages, including authorities cited in support, and are referred to the Magistrate Judge.

New Orleans, Louisiana, June 25, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE